

2003 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

5-14-2003

# USA v. Aikens

Precedential or Non-Precedential: Non-Precedential

Docket 02-2665

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2003

Recommended Citation

"USA v. Aikens" (2003). *2003 Decisions.* Paper 556.
http://digitalcommons.law.villanova.edu/thirdcircuit_2003/556

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2003 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

————————

No. 02-2665

————————

UNITED STATES OF AMERICA

v.

PHILIP AIKENS,
a/k/a Froggy

Philip Aikens,
Appellant

—————————————————————————————

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
D.C. Criminal No. 01-cr-00335
(Honorable Jay C. Waldman)

————————

Submitted Pursuant to Third Circuit LAR 34.1(a)
April 22, 2003
Before:  SCIRICA, Chief Judge*, AMBRO and WEIS, Circuit Judges

(Filed: May 14, 2003)

————————

OPINION OF THE COURT

————————

———————————

*Judge Scirica began his term as Chief Judge on May 4, 2003.
SCIRICA, Chief Judge.

In this criminal appeal, defendant Philip Aikens challenges the legality of a search and seizure by police officials and certain jury instructions.

I.

A jury convicted Philip Aikens of theft of interstate shipment and aiding and abetting (18 U.S.C. §§ 659 and 2) (Count I); conspiracy to interfere with interstate commerce by robbery (18 U.S.C. § 1951) (Count II); interference with interstate commerce by robbery and aiding and abetting (18 U.S.C. §§ 1951 and 2) (Count III); brandishing a firearm during and in relation to a crime of violence and aiding and abetting (18 U.S.C. §§ 924(c) and 2) (Count IV); and bail jumping (18 U.S.C. § 3146) (Count V).

The court imposed a sentence of concurrent terms of 72 months incarceration on Counts I, II, III and V, plus a consecutive 84-month term on Count IV; five years of supervised release; a $500 special assessment; and $115,000 in restitution. This timely appeal followed.

II.

In the early morning on February 20, 2000, there was an armed robbery at Eastern America Trucking Company, a warehousing company in Philadelphia. Two persons dressed in black and wearing black ski masks and gloves confronted a security guard. One of the robbers had a gun, which he pointed at the guard. The two robbers blindfolded the guard and locked him in the back of an empty tractor-trailer on the trucking lot. The robbers then drove off in an Eastern America truck loaded with $115,000 in sporting goods and equipment scheduled for delivery to Modell's Sporting Goods stores.

2

As the truck left the lot, another security guard at Eastern America Trucking Company observed two other persons dressed in black and wearing black ski masks. They fled on foot. The first guard was not freed until over three hours later, when a fellow employee found him.

Defendant Philip Aikens worked at Eastern America Trucking Company, loading trucks, including the truck that was stolen in the February 20, 2000 robbery. He did not return to work after February 20.

On February 23, 2000, two Philadelphia police officers were advised of the Eastern America robbery of Modell's merchandise. They recalled that on February 17, they arrested a juvenile, Gary McKeen. McKeen told them that his cousin, Phil Aikens, was planning to rob a Modell's truck from Aikens' place of employment.

On February 24, 2000, the police applied for two search warrants where Aikens was known to reside – 2331 Frankford Avenue (the home of Aikens' grandfather) and 2159 Hagert Street (the home of Aikens' mother). The warrants were supported by identical affidavits of probable cause and authorized a search for "black ski masks, semi-automatic handgun, ammunition, any Modell's clothing and footwear, any other evidence pertaining to the described robbery." After searching these premises, the police recovered a handgun and Modell's merchandise that was part of the stolen shipment.

Aikens was arrested in March 2000. When questioned by the police, Aikens admitted only to setting up the Eastern America robbery in return for $500 and some of the stolen goods. In jail, however, he admitted a greater role to his cellmate, Kirke Szawronski,

3

Jr. Aikens told Szawronski that he was the man with the gun who had pointed it at the guard and then locked the guard in a trailer. Aikens also provided Szawronski with additional details about the crime.

Trial was set for October 29, 2001. The night before, however, Aikens cut his electronic monitoring ankle bracelet and fled. On November 6, 2001, the police arrested Aikens, who provided a false name and false identification card.

III.

A.

The affidavits supporting the search warrants for Aikens' two residences were sufficient to establish probable cause. Executed four days after the robbery, the affidavits identify Aikens as one of the robbers, and link him to a gun, stolen merchandise, and clothing. These were items that could reasonably be expected to be found in the two locations where Aikens lived.

The search warrants sufficiently identified the nexus between the places to be searched and the probable cause supporting the search. The gun and stolen sporting goods merchandise obtained from the searches were properly admitted at trial. Furthermore, the police officers executing the warrant acted in good faith. The District Court properly admitted into evidence the gun and stolen merchandise seized in the search.

B.

The District Court did not commit plain error in failing to give verbatim the two defense jury instructions. The requested instruction on the theory of the defense, in fact,

4

did not state his theory of defense. Moreover, the court covered the substance of this proposal. The defendant's proposed multiple conspiracy instruction was also covered by the court.

Aikens' theory of defense – that while he had conspired to commit a theft of a truck and merchandise from his employer, he had not conspired to commit a robbery – is not articulated in his proposed instruction, which did not ask the court to draw a distinction between theft and robbery.[1]

The District Court thoroughly covered the substance of the requested charge. The court explained that the jury must determine if the government had proved each element of each crime charged, including conspiracy to commit robbery. At several points, the court specified that the purpose of the charged conspiracy was robbery, which the government had to prove. The court plainly set forth the elements of robbery. The defense is not entitled to a formulation of its own choosing. See Gov't of the V.I. v. Fonseca, 274 F.3d 760, 769 (3d Cir. 2001). In any event, its proposal was amply covered. There was no error, let alone plain error.

Furthermore, the District Court did not commit plain error in refusing to give verbatim defendant's proposed instruction on multiple conspiracies. The court properly charged that the government must prove the conspiracy charged in the indictment and that

---

[1]That proposal states that he was "not guilty of the crimes charged because he did not knowingly and willfully participate in a conspiracy to commit a robbery as charged" and that the government was required to prove all the elements of the crime beyond a reasonable doubt.

Aikens was a member of the charged robbery conspiracy. The court identified the precise charged conspiracy – to commit robbery – not some other conspiracy. We see no error, let alone plain error.

## IV.

For the foregoing reasons, we will affirm the judgment of conviction and sentence.